JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID T. SHULICK

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   Montgomery County PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Manhattan, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shulick Law Offices, Two Bala Plaza, St. 300, Bala Cynwyd, PA 19004
(215) 988-5488

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1345
Brief description of cause:
VIOLATION OF THE FAIR CREDIT REPORTING ACT - 15 USC 1681 et.seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause Do not cite jurisdictional statutes unless diversity.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1499 Wesleys Run, Gladwyne, PA 19035

Address of Defendant: 200 Vesey Street, Manhattan, NY 10080

Place of Accident, Incident or Transaction: Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) Fair Credit Reporting Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, David T. Shulick, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   Attorney-at-Law   Attorney I.D.# 74333

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause Do not cite jurisdictional statutes unless diversity.  Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

David T. Shulick : CIVIL ACTION
v.
American Express Company/Amex : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

11/19/12                                                                 Plaintiff
**Date**          **Attorney-at-law**                **Attorney for**
215-988-5488   215-988-5478    david@shulicklaw.com
**Telephone**     **FAX Number**                     **E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

**DAVID T. SHULICK**
1499 Wesleys Run
Gladwyne, PA 19035

v.

NO.

**AMERICAN EXPRESS COMPANY/AMEX**
World Financial Center
New York, NY 10285

JURY TRIAL DEMANDED

## CIVIL ACTION COMPLAINT

Plaintiff, David T. Shulick, by and through his undersigned counsel, herein files this Complaint, and in support thereof avers as follows:

1. Plaintiff David T. Shulick, Esquire, is a person and consumer as defined in the Fair Credit Reporting Act (hereinafter referred to as "FCRA"). 15 U.S.C. §1681a(b); 15 U.S.C. §1681a(c).

2. Defendant American Express (AMEX), upon information and belief, is a corporate or legal entity with a principal place of business in New York, New York and is the entity legally responsible for providing false information to the Defendant consumer reporting agency named herein, and otherwise engaging in illegal conduct in violation of the FCRA as set forth herein.

### JURISDICTION/VENUE

3. Jurisdiction and venue are proper in the Eastern District of Pennsylvania pursuant to the FCRA, specifically 15 U.S.C. 1681p.

### FACTUAL BACKGROUND

4. On or about October 10, 2012 Plaintiff retrieved his credit report reflecting ONLY ONE SINGULAR negative remark – a report from Defendant American Express claiming

1

that Plaintiff was '30 days late' in June, 2012, after a credit history of 22 years of good and timely payments, reporting this information to third party credit bureaus Equifax, Experian and Transunion.

5. Thereafter, Plaintiff and his Financial Controller, Kathy Keyser, engaged in a series of communications and actions to communicate to Defendant that their reporting information regarding the June, 2012 '30 days late' was false, incorrect and demanded that Defendant remove the negative reporting entry at all three of the aforesaid credit bureaus, and provided written documentation, Affidavits, and proof thereof, all of which were fundamentally ignored by Defendant American Express, who continues to violate the Fair Credit Reporting Act. A true and correct copy of the correspondence, documentation and Affidavits are attached hereto and incorporated herein as Exhibit 'A'.

6. As a further result of Defendants actions, Plaintiff is incurring damages in the form of an artificially reduced F.I.C.O. score (or other similar 'score' as each entity has their own 'name' for the formula that is generally referred to as a F.I.C.O. score), and further damages through artificially increased financing costs for items purchased for Plaintiff or Plaintiff's businesses, including residential mortgages.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C §1681 et. seq.

7. Plaintiff incorporates by reference the averments contained in the above paragraphs as though more fully set forth herein at length.

8. Pursuant to the Fair Credit Reporting Act, Defendant American Express has a legal duty to ensure the accuracy of consumer reports, and the accuracy of items reported to the Credit Reporting Agencies, and other Statutory duties. 15 U.S.C. §1681e(b).

9. Defendant has willfully and/or negligently failed to adhere to or follow the statutory requirements of the FCRA and have engaged in the following illegal conduct:

2

      a.      Preparing, reporting and filing incorrect information to the three credit bureaus, causing those reports to contain a singular adverse item of information related to Plaintiff that should not appear of the report, as proven by Exhibit 'A';

      b.      Failing to delete or retract information upon determining it was inaccurate or incomplete, in particular, the American Express June, 2012 '30 days late' reporting;

      c.      Failing to provide accurate and complete information to the consumer credit agency;

      d.      Failing to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the Plaintiff's information and credit;

      e.      Failing to maintain reasonable procedures designed to avoid the exact type of violations alleged herein caused by the complete inadequacy of the compliance procedures in place by Defendant.

10.     Set forth below are the specific violations of Defendant American Express, all of which were willful and/or negligent, and in violation of the Fair Credit Reporting Act, causing Plaintiff statutory and actual damage, as follows:

      a.      American Express #349991363885XXXX states June, 2012 – 30 days late, incorrectly for the reasons stated in Exhibit 'A' attached hereto and incorporated herein by reference.

11. As a result of the aforesaid violations of the Fair Credit Reporting Act by Defendants, as listed in the above paragraphs, Plaintiff is incurring damages and continues to incur damages.

12. Plaintiff is entitled to recover damages under 15 U.S.C. 1681(n) and (o), including but not limited to damages as follows:

    a. Willfull Violations – actual damages, plus statutory damages of $1,000 per violation, plus punitive damages and attorneys fees and costs;

    b. Negligent Violations – actual damages and attorneys fees and costs.

**WHEREFORE**, Plaintiff, David Shulick, Esquire respectfully requests injunctive relief in the form of an Order commanding Defendant to remove the June, 2012 inaccurate credit reporting, together with actual damages which are in excess of $10,000 as well as all available Statutory Damages against Defendant plus attorneys fees, costs of suit, treble damages and punitive damages based on the net worth of Defendant, as its conduct can only be described as wanton, reckless and outrageous complaints, written notices, and communications from Plaintiff and his Financial Controller regarding this clear violations of the FCRA, as set forth herein.

SHULICK LAW OFFICES

*[signature]*

**DAVID T. SHULICK, ESQUIRE**
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
(215) 988-5488
david@shulicklaw.com

Dated: 11/19/12

4

EXHIBIT "A"

## AFFIDAVIT OF KATHY KEYSER
## FINANCIAL CONTROLLER AND AUTHORIZED
## AMERICAN EXPRESS CARDHOLDER REPRESENTATIVE

I, KATHY KEYSER, being duly sworn according to law, hereby depose and say, as follows:

1 – I am an adult, over 21 years of age, and the Financial Controller for David T. Shulick, Cardholder, and I am the American Express authorized Agent for David T. Shulick, Cardholder.

2 – I have reviewed the attached November 5, 2012 email and Excel Chart and the American Express response thereto, all attached and incorporated herein by reference.

3 – I affirm that American Express is incorrect, their response makes no sense, and had they applied the 'pay over time' as they represented they would to me in my direct communications to American Express from January, 2012 through October, 2012, there would be no June, 2012 '30 days late' showing on Mr. Shulick's credit report, and no payments would be late in any respect.

4 – I worked very hard to prepare the attached Chart sent to American Express, and they did not refute the detailed information in the chart, including the 5.14.12 entry in particular, and there is no doubt that the 5.14.12 bill showed as due on 6.8.12, and was paid on 6.15.12, so the reporting of this matter as 30 days late to any credit bureau is false. I incorporate by reference the information in the attached Chart.

I make these statements subject to the penalties of perjury.

_____  11/12/12
KATHY KEYSER            Dated

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DAVID T. SHULICK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 2, 2013

# David Shulick

| | |
|---|---|
| **From:** | David Shulick |
| **Sent:** | Monday, November 05, 2012 9:50 AM |
| **To:** | JAMES.C.SCHINDLER@AEXP.COM |
| **Cc:** | Kathy Keyser |
| **Subject:** | Shulick v. Amex - Good Faith Attempt to Resolve one Final Credit Issue |
| **Attachments:** | AMEX INCORRECT JUNE 2012 LATE REPORT PROOF.XLS.xlsx |

Dear Mr. Schindler –

I have worked very hard to resolve all open credit matters that were incorrect on my personal report, other than problem 'inquiries' – which I will handle separately. The ONLY negative issue on my personal credit is that Amex Reports that I was 30 days late in **June, 2012**. This only shows up on 'Experian', not Transunion, and not Equifax.

Kathy Keyser, my Financial Controller, and I did a painstaking analysis and we can prove that Amex was wrong in the June, 2012 report, and as such violated the Federal Fair Credit Reporting Act.

However, being that I am a loyal cardholder _since 1990_ and _**given the attached PROOF that it was Amex, not the Cardholder who is incorrect**_, I would request you 'replytoall' confirming that Amex will remove this singular 'stain' on my credit from June, 2012. The attached shows detailed proofs, and there is no legal basis to claim we paid 30 days late in June, 2012. I would request that you review this chart in detail, and if you or anyone else in the Executive Offices have any questions, Kathy and I are available for a call at your convenience. We would execute a release from any liability under the F.C.R.A. if necessary. We are looking for resolution – not further litigation. We truly have worked very hard to always pay on time, and to be a loyal Amex customer, as my 22 year history so reflects!!

Please reply within 5 business days confirming the removal of the June, 2012 report to Experian, or call with questions.

Thank you for your time and attention to this vital matter.

DAVID T. SHULICK, ESQUIRE

If you have any questions, please feel free to contact me.

**David T. Shulick, Esquire | Shulick Law Offices**
Two Bala Plaza, Suite 300, 333 City Avenue, Bala Cynwyd, PA  19004
**Phone: 215.988.5488 | Fax: 215.988.5478 |**
Email: David@shulicklaw.com
www.shulicklawoffices.com

**ADDITIONAL OFFICES:**
Two Penn Center, Suite 200, 1500 J.F.K. Boulevard, Philadephia, PA  19102
One Greentree Centre, Suite 201, 10000 Lincoln Drive East, Marlton, NJ  08053
Radnor Financial Center, Suite F200, 150 Radnor-Chester Road, Radnor, PA  19087
600 West Germantown Pike, Suite 400, Plymouth Meeting, PA  19462
1060 First Avenue, Suite 400, King of Prussia, PA  19406

**NOTE:  ALL MAIL TO BALA CYNWYD, PA - HEADQUARTERS**

This email is intended only for the individuals to whom it was addressed and may contain confidential or proprietary information. If you have received this email and you are not the specific individual to whom it was directed, you are to destroy its contents immediately. Unauthorized use of any information contained in this email shall be illegal and subject you to all available civil and criminal remedies.

**PROOF: CUSTOMER DISPUTE THAT JUNE PAYMENT SHOULD BE 2 DAYS LATE, NOT 30 DAYS LATE**

**PREPARED BY: DAVID T. SHULICK, KATHY KEYSER - CARDHOLDER; FINANCIAL CONTROLLER**

| BILL DATE | TOTAL NEW BALANCE - PER AMEX BILL | PER BILL - 'MINIMUM AMOUNT DUE'?? | DUE DATE ON BILL - WHICH AMEX KEPT UNILATERALLY CHANGING | AMEX ERROR PROOF AND EXPLANATION |
|---|---|---|---|---|
| 1/13/2012 | $118,038.91 | $88,908.91 | 1/29/2012 | |
| | Charges - 91,358.76 | | | 2.8.12 - Cardholder paid 25,000 |
| | | | | As proven by contemporaneous notes, Kathy called Alex at Amex on 2.8.12 and then was referred to Account Service Specialist, Carole ID SPC0423, said we would pay another 20,791 with the balance being 'paid over time' and there should be no default |
| 2/12/2012 | $164,508.11 | $158,097.66 | 3/8/2012 | Amex unilaterally changed the due date without customer understanding |
| | Charges - 75,029 | | | 2.17.12 - This is proof that we complied with Amex and paid the 20,791, and the rest should have been placed in a 'pay over time' status - and Kathy again spoke with Ms. Morales, she gave us confirmation, and the balance would be paid over time and not due immediately. |
| | | | | 3.4.12 - Cardholder paid 43,117.91, made another good faith payment to Amex which was not credited properly by Amex - which should have gone to future card use, not pay over time amount |
| | | | | $193,638 SHOULD HAVE BEEN POSTED TO 'PAY OVER TIME' AND INTEREST CHARGED |
| 3/14/2012 | $127,686.34 | $91,291.98 | 4/8/2012 | |

| Date | Balance | Amount | Date | Notes |
|---|---|---|---|---|
| | Charges - 68,675.32 | | | 4.6.12 - Cardholder pays $69,603.82, and proactively calls Mike SPC0453 to confirm that upon reciept of this payment the remainder of $20,774.37 is the only other amount owed to bring card totally current and requested consent to pay that by April 18, 2012 post to PAY OVER TIME, and this individual NEVER CALLED KATHY BACK, as proven by contemporaneous notes. |
| 4/13/2012 | $85,791.29 | $51,117.04 | 5/8/2012 | $58,803 SHOULD HAVE BEEN POSTED TO 'PAY OVER TIME' AND INTEREST CHARGED |
| | Charges - 28,063.05 | | | 5.10.12 - Cardholder pays $19,716.55 |
| | | | | On 5.10.12 - Cardholder proactively calls Michele ID 58246 who said just make the minimum mpayment as was done, the next statement will cut on Monday 5.14.12, with the minimum due being only $30,342, plus any new charges of around $20k |
| 5/14/2012 | $88,490.06 | $54,339.16 | 6/8/2012 | Bill showed as due on 6.8.12 - Cardholder paid on 6.15.12 the amount of $55,166.64 - SO HOW COULD THERE BY ANY PAST DUE OVER 30 DAYS LIKE ON CREDIT REPORT? |
| | Charges - 22885.49 | | | THIS SHOWS AMEX ERRORS NOT APPLYING PAYMENTS BY CUSTOMER CORRECTLY AND NOT USING THE 'PAY OVER TIME' CORRECTLY |
| 6/14/2012 | $110,106.04 | $76,142.10 | 7/8/2012 | |
| | Charges - 21,052.18 | | | On 7.12.12, Cardholder pays $21,701.32 |
| 7/13/2012 | $64,673.41 | $32,468.02 | 8/8/2012 | THIS IS FURTHER PROOF THAT AMEX DID NOT SHOW ANY PAST DUE BALANCE THE VERY NEXT MONTH DESPITE WHAT AMEX PUT ON THE CREDIT REPORT FROM JUNE, 2012 - AMEX MADE THE ERRORS - THEIR BILLING AND APPLICATION OF FUNDS ARE THE PROBLEM. |
| | Charges - 31,630.02 | | | 8.13.12 - 25,853 is additionally paid by Cardholder |

| Date | Amount | | Date | Notes |
|---|---|---|---|---|
| 8/14/2012 | $103,583.45 | $65,792.38 | 9/8/2012 | |
| | Charges - 65,105.38 | | | PAID AGAINST PAY OVER TIME BALANCE PRINCIPAL PAYMENT - 8.20.12 - 20,000 |
| | | | | PAID CARD USE IN FULL - CARDHOLDER 9.7.12 - 65,662 |
| 9/13/2012 | $26,320.05 | $6,434.05 | 10/8/2012 | |
| | Charges - 8,528.06 | | | 10.5.12 - CARDHOLDER PAID 15,577.78, WHICH WAS TO BRING CARDHOLDER COMPLETELY CURRENT WITH REFERENCE TO THE FORMER PAY OVER TIME AMOUNTS |
| | | | | |
| 10/14/2012 | $6,007.31 | | 10/29/2012 | PAID BY CUSTOMER IN FULL ON 11.5.12 |
| | Charges - 14,767.84 | | | AMEX - WHY DUE DATE CHANGE AGAIN UNILATERALLY?? |
| | | | | |
| | | | | |
| | **TOTAL CHARGES** | | | |
| | 427,092 | | | |

| | |
|---|---|
| TO | American Express Customer Service |
| FROM | American Express |
| TOPIC | A message from American Express Executive Customer Care |

11/09/2012

## A message from American Express Executive Customer Care

**Response (P. Ebbighausen)  11/09/2012 01:01 PM**

Dear David Tevis Shulick,

Thank you for your additional inquiry with my colleague, James Schindler. In response, I have further reviewed our account files.

As you may be aware, a payment of $69,603.82 was made on 4/6/12 leaving a remainder of $20,774.37 to be paid by statement close of 4/13/12 to bring the account current. No additional payment was received by the close date and the $20,774.37 was listed as in arrears on your 4/13/12 statement.

Another payment of $19,716.55 was received on 5/10/12 with the remainder of $30,342.67 due by statement close of 5/14/12 to bring the account totally current. No additional payment was received by the close date leaving $30,342.67 at 30 days aging as reflected on the 5/14/12 statement.

No additional payments were received by the subsequent statement close of 6/13/12. Thus, the amount in arrears from your 5/14/12 statement had reached 60 days aging and 30 days past due. As the 30 days credit reporting in question is accurate, we are unable to comply with your exception request to remove it.

I regret that I cannot offer a more favorable reply and hope you will understand our position in this matter.

Sincerely,
Paul Ebbighausen
American Express Executive Customer Care

121110-001229